UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER ROSS, Individually and on behalf of all others similarly situated, | Case No.: 1:17-cv- |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| PENNYMAC LOAN SERVICES, LLC | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Christopher Ross, on behalf of himself and all others similarly situated, files this Class Action Complaint against PennyMac Loan Services, LLC ("PennyMac" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### I.   NATURE OF THE CASE

1.    Plaintiff brings this action against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a-1681x.

2.    Defendant PennyMac routinely procures consumers' credit reports for the purpose of reviewing credit obligations and collection of consumer debt.

3. Plaintiff brings this nationwide class claim against PennyMac for knowingly and intentionally procuring credit reports of consumers whose debts had been discharged in bankruptcy and there was therefore no permissible purpose for accessing such reports.

## II. PARTIES

4. The Plaintiff, Christopher Ross, is a "consumer" as protected and governed by the FCRA.

5. Defendant PennyMac maintains offices at 6101 Condor Drive, Suite 200, Moorpark, CA, 93021, USA and is an Indiana corporation.

## III. JURISDICTION AND VENUE

6. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1331.

7. Venue is proper in this Court because PennyMac can be found in this District. 28 U.S.C. §1391(b)(3). The Defendant regularly sells their products and services in this District.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff is a consumer.

9. Plaintiff incurred a credit card debt that was primarily for personal, family or household purposes.

10. The debt owed by Plaintiff went into default.

11. On September 2, 2014, Plaintiff filed for relief under Chapter 7 of the United States Bankruptcy Code.

12. Plaintiff's bankruptcy petition contained a list of his debts. In particular, Schedule F of the petition listed Defendant PennyMac as one of Plaintiff's creditors.

13. The Bankruptcy Noticing Center sends electronic notice of the bankruptcy and automatic stay to those entities listed on a bankruptcy petition who have signed up for that service. The Defendant is one such entity.

14. On September 7, 2014, the Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, electronically to the Defendant. *See* Notice attached hereto as Exhibit A.

15. The Notice advised that the Plaintiff had filed a bankruptcy case and that all collection activities were to be stayed pursuant to the Bankruptcy Code. *Id.*

16. On December 16, 2014, the Plaintiff received an order granting his discharge of his debts. *See* Order attached hereto as Exhibit B.

17. The Bankruptcy Noticing Center sent the Order of Discharge of Debtor electronically to the Defendant on December 18, 2014. *Id.*

18. The Defendant received multiple notifications from the U.S. Bankruptcy Court that Plaintiff's debt was subject to the bankruptcy case.

19. The Defendant knew that the Plaintiff had completed a Chapter 7 bankruptcy case and had received a discharge of his debts, including the debt(s) that the Defendant was attempting to collect.

20. Notwithstanding the discharge of the obligation to Defendant on February 12, 2015 the Defendant procured the Plaintiff's TransUnion and Experian credit report. *See* Exhibit C attached hereto.

21. Permissible purposes for accessing a credit report include, but are not limited to, a person seeking a credit report in connection with a possible credit transaction, employment purposes, servicing of an existing credit obligation, or an otherwise legitimate business need. 15 U.S.C. §1681 b(a)(3)(A), (B), (E) and (F).

22. Even if Defendant had permission to pull Plaintiff's credit report prior to the filing of the bankruptcy case, such permission was revoked by operation of law due to the bankruptcy discharge.

23. After the discharge eliminated Plaintiff's obligation to Defendant, it had no permissible purpose for procuring the Plaintiff's credit report.

24. The procuring of Plaintiff's credit report is an action which constitutes an attempt to collect the alleged debt at issue in this matter.

25. As the result of its violations of the FCRA, Defendant is liable to Plaintiff for statutory and punitive damages, as well as attorneys' fees and costs. 15 D.S.C. §1681n.

26. Defendant's conduct and actions were willful. The language of section 1681b(a) is pellucidly clear and there is no reasonable reading of the statute that could support Defendant's actions.

27. Defendant received multiple notices that the alleged debt had been discharged and was no longer collectible. Nonetheless, Defendant willfully, deliberately and intentionally procured Plaintiff's credit report.

28. Defendant routinely obtains and uses consumer reports under false pretenses

and/or impermissible purposes regarding consumers with whom Defendant has no account or credit relationship.

29. This practice violates the fundamental privacy protection afforded consumers under the FCRA and runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that under section 604(a)(3) of the FCRA (15 U.S.C. § 1681b(a)(3)), "'review' of an account refers to an existing (i. e., open or current) account. *See* FTC letter dated April 29, 1999 to Don Gowen. Because there no longer exists any account to "review" and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from a CRA. *See* FTC Advisory Opinion letter dated April 30, 1999 to Kenneth J. Benner.

30. Case law existing prior to and at the time of Defendant's actions described herein served to put Defendant on notice that its actions in accessing a consumer's credit report when the alleged debt was no longer collectible was in violation of the FCRA.[1]

31. By reasons of the clear statutory language, the FTC opinions, the above cases and others construing section 1681b(a)(3) of the FCRA, Defendant had substantial notice that its conduct violated the FCRA. Further, because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

---

[1] *See, e.g., Barton* v. *Ocwen Loan Servo L.L.C.,* 2012 WL 4449860 (D. Minn. Sept: 26, 2012) (plaintiff stated claim for willful noncompliance where defendant accessed consumer report even after plaintiff repeatedly informed it that his obligation had been discharged in bankruptcy); *Haberman* v. *PNC Mortg. Co.,* 2012 WL 2921357 (E.D. Tex. July 17, 2012) (denying summary judgment where defendant allegedly obtained consumer report after debt had been discharged in bankruptcy); *Huertas* v. *Galaxy Asset Mgmt.,* 2010 WL 936450 (D.N.J. Mar. 9,2010) (granting leave to amend complaint to allege that account had been discharged in bankruptcy eliminating permissible purpose), *aff'd on other grounds,* 641 F.3d 28 (3d Cir. 2011); *Godby* v. *Wells Fargo Bank,* 599 F. Supp. 2d 934 (S.D. Ohio 2008) (account review was not permissible purpose when account discharged in bankruptcy); *Thomas* v. *US. Bank,* 2007 WL 764312 (D. Or. Mar. 8, 2007) (denying summary judgment for bank because of fact issue where the bank knew account was discharged). *See also Orr* v. *Allied Interstate, Inc.,* 2012 WL 4033721 (N.D.N.Y. Sept. 12, 2012) (FCRA claim was not precluded by the Bankruptcy Code).

32. As a result of Defendant's conduct, the consumer class members such as Plaintiff have suffered concrete injuries.

33. The FCRA expressly provides that Congress made the following findings: "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. §1681a(4).

## Damages

34. The Plaintiff and class members suffered an invasion of privacy.

35. The Plaintiff and class members suffered emotional distress and mental anguish where Defendant continued to attempt to collect a debt post discharge thus crushing their dream of a fresh start after bankruptcy discharge.

36. Plaintiff and class members have had their personal identifying and account-related information unnecessarily disseminated to the Defendant, and, upon information and belief, to its related information-sharing affiliates.

37. Defendant has subjected Plaintiff and consumer class members to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety, emotional distress and mental anguish.

38. Data breaches of financial institutions like Defendant are frequent targets of cybercriminals. (https://krebsonsecurity.com/category/data-breaches/)

39. The conduct defendant engaged in is precisely the type of conduct Congress sought to prevent with the restriction it has imposed on access to consumer's sensitive financial information.

40. Plaintiff and the class members suffered a concrete and particularized injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is

likely to be redressed by a favorable decision in this action

## V.  CLASS ACTION ALLEGATIONS

41. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. individual actions are not economically feasible; and

    b. some members of the class are likely to be unaware of their rights.

42. Defendant, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

43. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of the following Class:

    All natural persons: (a) whose consumer report was pulled by Defendant after the date beginning two years prior to the filing of this Complaint; (b) for an account review purpose; and, (c) where Defendant's records note that the account relationship had terminated because (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or, (iii) the account had been sold or transferred to a third party.

Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

44. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to PennyMac releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

45. **Numerosity.** The Class is so numerous that joinder of all members is

impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

46. **Commonality.** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The primary common legal and factual question is whether Defendant's procuring the consumer report of a consumer whose debts had been discharged by bankruptcy court order violated section 1681b(a) of the FCRA by procuring such reports without a permissible purpose.

47. **Typicality.** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

48. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff s interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel has prosecuted similar consumer protection class actions.

49. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution

would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them.  Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

50. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## VI.    CAUSES OF ACTION

### COUNT 1

### 15 U.S.C. § 1681b

51. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

52. Defendant PennyMac is a "person" as defined by sections 1681a(b) of the FCRA.

53. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

54. The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

55. Section 1681b(f) of the FCRA provides as follows:

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific certification.

56. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

…

(3) To a person which it has reason to believe-

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of: the consumer;

…

(F) otherwise has a legitimate business need for the information-

(i) in connection with a business transaction that is initiated by the consumer; or

(ii) to review an account to determine whethisthe consumer continues to meet the terms of the account.

57. Pursuant to section 1681n and 1681o of the FCRA, Defendant PennyMac is liable for willfully and negligently violating section 1681b(f) by obtaining consumer reports without a

permissible purpose.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B. That judgment be entered in favor of the Class against Defendant PennyMac for statutory damages and punitive damages for violation of 15 U.S.C. §1681b(a), pursuant to 15 U.S.C. §1681n;

C. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

D. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Respectfully submitted,

*/s/ John T. Steinkamp*
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com


*/s/ Ryan R. Frasher*

The Frasher Law Firm, P.C.
155 East Market Street, Ste. 450
317-634-5544 (phone)
317-630-5844 (fax)
rfrasher@frasherlaw.com


*/s/ Syed Ali Saeed*

Syed Ali Saeed,
ali@sllawfirm.com
SAEED & LITTLE LLP
1433 North Meridian St., Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 721-9214
Facsimile: (888) 422-3151


*Proposed Class Counsel*